UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ELLIOTT J. BURRELL,

                Petitioner,         06-CV-324

    v.

UNITED STATES OF AMERICA.

                Respondent.
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

### I. INTRODUCTION

    Petitioner Elliott J. Burrell was convicted upon his plea of guilty of one count of wire fraud in violation of 18 U.S.C. § 1343. He now moves pursuant to 28 U.S.C. § 2255 to vacate his sentence on the grounds that the amount of the loss from his crime was improperly calculated. For the reasons that follow, the motion is denied.

### II. BACKGROUND

    Petitioner was charged with knowingly and willfully devising a scheme to obtain money and property by means of false pretenses and representations transmitted by wire communications in interstate commerce. The crime involved Petitioner's application for admission and financial aid to attend a graduate school program at Cornell University. The application was submitted via e-mail from the State of Illinois to the State of New York

1

and contained numerous false written representations.

Petitioner entered into a Plea Agreement with the United States Attorney's Office, and pleaded guilty in open court. The Court found his plea and the Plea Agreement to have been knowingly and voluntarily entered.  Pursuant to the Plea Agreement, Petitioner agreed to make restitution of $29,308.00 to the United States Department of Education, and of $15,000.00 to Cornell University.

Prior to sentencing, the United States Probation Department calculated the loss to the United States Department of Education to be $30,198.00, and the loss to Cornell University to be $15,000.00.  These amounts were included in the Presentence Investigative Report.  Petitioner argued at sentencing that he intended to pay back the $30,198.00 to the United States Department of Education, which was from a student loan, and, therefore, did not constitute a loss.  The Court rejected the argument and adopted the loss amounts contained in the Presentence Investigative Report.

Petitioner's sentence was calculated based upon a total loss amount of $45,198.00. His base offense level was found to be a 6 in accordance with U.S.S.G. § 2B1.1(a)(2). The Court applied a 6 level increase under U.S.S.G. § 2B1.1(b)(1)(D) because the loss was greater than $30,000.00 but less than $70,000.00.   After subtracting 2 levels for acceptance of responsibility, Petitioner's total offense level was 10.  Based on his Category III criminal history, his Guideline range of incarceration was 10-16 months. Petitioner was sentenced to 14 months of incarceration followed by 3 years of supervised release.  He was also ordered to pay restitution in the amount of $30,198.00 to the United States Department of Education, and in the amount of $15,000.00 to Cornell University, less any amounts he had already repaid. Petitioner did not file an appeal from the

Judgment of Conviction.

Petitioner contends that, since sentencing, he has received two "bills/statements of account" from the United States Attorney's Office which reflect that he only owes $15,000.00. See Pet. ¶ 12. He asserts, therefore, that the amount of loss was only $15,000.00 as he previously argued, and that his sentence was improperly calculated. Id. The Statements of Account to which he refers are letters sent from the Financial Litigation Unit of the United States Attorney's Office for the Northern District of New York, one of which is attached to the Petition. See Pet. Attach. This letter shows that Petitioner made a $25.00 payment that was attributed to the $15,000.00 outstanding balance owed on account 2005Z00281/001.

The Government has opposed the motion contending, *inter alia*, that with accrued interest and the lack of any payment from Petitioner on his restitution obligation to the United States Department of Education, over $34,000.00 is owed on that account. See Gov't App. A.

## II. DISCUSSION

A § 2255 challenge is limited to claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Thus, relief pursuant to section 2255 is available only "for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in [a] complete miscarriage of justice.'" Graziano v. United States, 83

3

F.3d 587, 590 (2d Cir. 1996) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)) (internal quotations omitted).

"It is well settled that a Section 2255 motion is not a substitute for direct appeal." Graff v. United States, 269 F. Supp.2d 76, 78 (E.D.N.Y. 2003)(citing United States v. Frady, 456 U.S. 152, 165 (1982); United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998)). Accordingly, "Section 2255 claims not raised on direct review are procedurally barred unless they raise constitutional or jurisdictional claims, or result in a 'complete miscarriage of justice.'" Johnson v. United States, 313 F.3d 815, 817 (2d Cir. 2002) (quoting Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996)). "Where a criminal defendant has procedurally forfeited his claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can demonstrate either: (1) cause for failing to raise the issue, and prejudice resulting therefrom; or (2) actual innocence." Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998)(citing Douglas v. United States, 13 F.3d 43, 46 (2d Cir. 1993)); see Arroyo v. United States, 2002 WL 662892, at * 2 (S.D.N.Y. April 22, 2002)(same)(citing Amiel v. United States, 209 F.3d 195, 198 (2d Cir. 2000)).

Petitioner did not raise his claim on direct review and he fails to satisfy either of the bases to excuse his default. Consequently, his claim is procedurally barred.

Assuming, arguendo, that his claim is not barred, his argument is without merit. Both the United States Department of Education and Cornell University were properly identified as victims of Petitioner's crime. See Application Note 1 to U.S.S.G. § 2B1.1("'Victim' means (A) any person who sustained any part of the actual loss

4

determined under subsection (b)(1) . . . . 'Person' includes individuals, corporations, companies, associations, firms, partnerships, societies, and joint stock companies."); Application Note 3 to U.S.S.G. § 2B1.1(a)(3)(F)(ii).[1]  The amount of loss to the United States Department of Education was correctly calculated based on the amount Petitioner received from the loan regardless of his intent to repay it. United States v. Brach, 942 F.2d 141, 143 (2d Cir. 1991);[2] see also United States v. Carrozzella, 105 F.3d 796 (2d Cir. 1997)(explaining that "loss in fraud cases includes the amount of property taken, even if all or part has been returned" and rejecting a net loss approach where the victims of a fraudulent investment scheme received periodic interest payments, since "the return of money as interest or other income is often necessary for the scheme to continue"), rejected as dicta on other grounds United States v. Kennedy, 233 F.3d 157, 160 (2d Cir. 2000).

---

[1]This provides:

**(ii) Government Benefits**.--In a case involving government benefits (e.g., grants, loans, entitlement program payments), loss shall be considered to be not less than the value of the benefits obtained by unintended recipients or diverted to unintended uses, as the case may be.

[2]The Second Circuit wrote on Brach:

Application Note 2 under section 2B1.1 defines "loss" as "the value of the property taken." . . . In cases involving embezzlement or theft, we have interpreted Application Note 2 literally and affirmed sentencing adjustments based on the value of what was taken, not on the ultimate harm suffered by the victim.  We see no reason to follow a different course where, as in the instant case, the loss was caused by fraud and deceit.

[Defendant's] contention that he intended to repay the loan, assuming it to be true, does not change the picture. [Defendant's] crime was complete once he transmitted the false financial statement and obtained the loan. . . .  Under the Guidelines, "loss" includes the value of all property taken, even though all or part of it was returned.  It is not restricted to the harm that a defendant intended to inflict but instead may consist of the "probable" loss resulting from the fraud.

942 F.2d at 143 (citations omitted).

Further, Petitioner and the United States Attorney stipulated to the underlying offense calculation. See Plea Agreement ¶¶ 9(a), 9(b), and 9(c). This included a stipulation that the loss amount was between $30,000.00 and $70,000.00. Id. ¶ 9(b). "[W]hile the Court is not bound by the [parties'] stipulation in imposing sentence, defendants are foreclosed from rasing objections inconsistent with it." United States v. Harrington, 1999 WL 135205 (S.D.N.Y. 1999); see United States v. Salcido-Contreras, 990 F.2d 51, 52 (2d Cir. 1993).

The fact that the United States Attorney's Office might have sent Petitioner a letter indicating that he owed $15,000 on one account is of no moment. The amount of loss calculated by the Court at the time of sentencing is controlling, and Petitioner has presented no proof or compelling argument that the Court's calculation of loss, or the resulting sentence, was improper.

Finally, the Court finds that Petitioner presents no viable issues upon which reasonable jurists could debate whether: (a) the sentence was imposed in violation of the Constitution or laws of the United States; (b) the Court was without jurisdiction to impose such sentence; (c) the sentence was in excess of the maximum authorized by law; or (d) the sentence is otherwise subject to collateral attack. Therefore, a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is denied. See Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 1039-1040 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Barefoot v. Estelle, 463 U.S. 880, 893 (1983).

**III. CONCLUSION**

For the reasons set forth above, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED** and the petition seeking a writ of habeas corpus is **DISMISSED**.  A Certificate of Appealability pursuant to 28 U.S.C. § 2253 is also **DENIED**.

**IT IS SO ORDERED**

DATED: May 11, 2007

_____
Thomas J. McAvoy
Senior, U.S. District Judge